**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 15 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERTO CARLOS DUBON, AKA Robert Dubon, AKA Robert Carlos Dupon, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 16-73045 <br><br> Agency No. A208-085-695 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 11, 2022[**]

Before:    McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

Roberto Carlos Dubon, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to accept a late-filed brief. *Zetino v. Holder*, 622 F.3d 1007, 1012-13 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We dismiss in part and deny in part the petition for review.

In his opening brief, Dubon does not challenge the dispositive grounds relied on by the agency in denying his claims for asylum, withholding of removal, and relief under CAT. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in an opening brief are waived).

We lack jurisdiction to consider Dubon's contentions that the IJ violated his right to due process by denying him the opportunity to present evidence and by failing to advise him about his burden to establish eligibility for various forms of relief because he did not raise those contentions to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction over unexhausted procedural errors that could be corrected by the BIA).

The BIA did not abuse its discretion by denying Dubon's request to accept a late-filed brief or in rejecting his untimely appeal brief. *See Zetino*, 622 F.3d at 1013 (no abuse of discretion where the BIA denies a motion to accept an untimely brief under a regulation indicating that it may accept untimely briefs). Dubon's related due process contention fails. *See id.* at 1013-14; *Lata v. INS*, 204 F.3d

1241, 1246 (9th Cir. 2000) (error and substantial prejudice are required to prevail on a due process claim).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

16-73045